## George Frost et al.

### v.

## Corwin C. Thompson et al.

Waiver.—Proof of a waiver of the time limited in a parol contract is not necessarily confined to an express agreement between the parties; it may be shown by facts and circumstances sufficiently indicating an intention to waive. The court is of opinion that under the evidence in this case, the two weeks limitation was ignored by principal and broker.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed May 29, 1885.

Mr. O. F. Wisner and Mr. E. H. Gary, for appellants.

Messrs. Frank J. Smith & Helmer, for appellees.

Wilson, P. J. This suit was brought by appellants against appellees to recover for commissions on the sale of lands. There was a jury trial resulting in a verdict for the defendant, upon which judgment was rendered, and the plaintiffs appealed to this court. After a very careful examination of the record, we are forced to the conclusion that the verdict was not warranted by the evidence. Appellants were engaged somewhat extensively in buying and selling on commission, pine lands in the State of Michigan, their place of business being at Detroit. Appellees, Thompson and Hall, resided in Chicago and Michigan respectively, with head-quarters at Chicago. They were the owners in fee, and by purchase contracts, of large tracts of pine lands in Michigan, which they desired to sell, and on October 12, 1882, they placed in the hands of appellants for sale some twenty odd thousand acres of these lands. By the terms of the contract, which was reduced to writing, the sale was to be made in the next succeeding two weeks, and if the lands were sold for $200,000, appellants were to have five per cent. commission for making the sale.

Immediately after the contract was executed, appellants caused a map of the lands to be made, and entered actively upon the business of finding a purchaser by correspondence and personal negotiations with their customers in New York City, Buffalo, Cleveland and in other parts of the country, and finally, on the 3d day of November, a few days after the expiration of the two weeks specified in the contract, they concluded a sale of the land to Lee & Co., of Buffalo, for $200,000, upon the conditions and terms of payment prescribed in their written authorization from appellees, Lee & Co. giving their check for $25,000 to apply on the contract.    Lee & Co. were men of large means, and it is not disputed that they were able to make the deferred payments and fulfill the contract in all respects.    Upon receiving the check from Lee & Co., appellants telegraphed appellees in Chicago that the sale was concluded and directed them to draw for the $25,000.

Under this state of facts, appellants having found a purchaser who was able, ready and willing to take the land upon the terms prescribed, it would not be doubted that they had earned the stipulated commissions if they had made the sale within the designated two weeks; but it is insisted by appellees, and this is the principal ground of defense relied upon by them, that the failure to sell within the two weeks precludes a recovery.    It may be conceded that such failure would, in the absence of any extension, or waiver of the time limited in the contract, defeat a recovery, but we are of opinion under the facts disclosed by the evidence, that appellees ought to be held to have waived the two weeks limitation, and to have extended the time.    We shall not go over the evidence in detail, as the case is to be sent back for a new trial.    It is sufficient to say the proof shows that appellants, with the full knowledge, consent and approbation of appellees, continued their efforts for the sale of the property, after the expiration of the two weeks just as before, down to the time of the consummation of the sale to Lee & Co.    Nothing was ever said about any new authorization or different arrangement as to commissions or otherwise, after the expiration of the two weeks, nor at any other time.    Appellees, after as during

the two weeks, were urging appellants to find a purchaser as soon as possible, they being anxious to make a speedy sale of the property. They were kept advised by appellants from time to time of the progress they were making toward finding a purchaser, and there was no apparent change at any time in their relations to each other. Only a day or two before the sale was concluded, appellee Thompson wrote to appellants, "I understand you are to have $10,000, if you sell for $200,000," and suggests whether five per cent. isn't rather high where the amount of the sale is so large. The only five per cent. ever spoken of was that mentioned in the written contract. The very day before the sale, having been telegraphed by appellants that they expected Lee to come from Buffalo the next day to close the trade, appellees sent a messenger from Chicago to Detroit to represent their interest, saying in a letter which he bore that they would be responsible for any funds placed in his hands. These and many other equally significant facts and circumstances disclosed by the evidence, seem to us to point to but one conclusion, namely, that the two weeks limitation was wholly ignored by both parties. Proof of a waiver of the time limited in a parol contract is not necessarily confined to an express agreement between the parties; it may also be shown by their acts and conduct in respect thereto; such waiver may be shown by facts and circumstances sufficiently indicating an intention to waive. Vroman v. Darrow, 40 Ill. 171.

It appears that on the same day of the consummation of the sale to Lee & Co., appellees, without waiting to hear from the messenger sent by them to receive the money at Detroit, sold the property to another party in Chicago, and telegraphed appellants to return the $25,000 to Lee & Co. Of this sale appellants had no knowledge until after they had concluded the sale to Lee & Co. We are of opinion that under the evidence appellants were entitled to recover, and that the case ought to be submitted to another jury. The judgment below is accordingly reversed and the cause remanded for a new trial.

Reversed and remanded.