# ADAM VROMAN

## *v.*

# SIDNEY DARROW.

1. CONTRACTS—*waiver of strict compliance by acts in pais.* Any party has a right to waive a strict compliance with the terms of a contract, and proof of such waiver may consist of acts *in pais.*

2. SAME—*acceptance of a deed with covenants embracing the terms of a prior agreement—whether it discharges such agreement.* Where a party has agreed to procure a conveyance of land to be made to another, and the latter accepts a deed with full covenants, having notice at the time that there is a mortgage on the premises, it is a question proper for the determination of a jury, upon all the circumstances, whether the deed was not accepted in discharge of the agreement, with the intention of relying upon the covenants therein in the event of being disturbed by the mortgage.

3. SAME—*tender of reconveyance—when necessary.* Where such original agreement was made in consideration of a debt owing by the party executing it to the party to whom the land was to be conveyed, and the latter, after accepting the deed, desires to sue for a recovery of such debt, he must first tender a reconveyance of the land before he can properly institute such a suit. He cannot be permitted to retain the deed and also recover a judgment for the debt to satisfy which it was made.

4. And if he should sue for the debt without having tendered a reconveyance of the land, he would be held, by an acceptance of the deed and retention of it, as having received it in compliance with the contract.

APPEAL from the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of debt, brought by the appellant against the appellee, to recover the amount of two promissory notes amounting to $12,000. The cause was tried by a jury, which resulted in a verdict for the defendant, whereupon the plaintiff appealed to this court. The facts in the case are fully stated in the opinion of the court.

Mr. GEORGE C. CAMPBELL, for the appellant.

Mr. E. F. BULL, and Mr. D. L. HOUGH, for the appellee.

MR. JUSTICE BREESE delivered the opinion of the Court:

Darrow being sued by Vroman in the La Salle Circuit Court on certain promissory notes, pleaded, as payment, and in discharge of the notes, a certain agreement in writing entered into between them, by which it was agreed, if Darrow would procure to be conveyed to Vroman, a certain tract of land and certain town lots in the town of La Salle, the same would be a satisfaction of the notes.

It was admitted the tract of land, and certain of the town lots had been conveyed to Vroman, which he had accepted. The controversy arises about the west half of lot three (3), in block one hundred and twenty-nine (129), which Vroman contends was not conveyed in compliance with the agreement.

The facts about this fractional lot are briefly these: Thomas Spear, by deed, with full covenants, dated January 28, 1859, conveyed this fractional lot to Vroman, who went into possession, and so remained two years undisturbed, when the building was destroyed by fire. The record of a mortgage executed by Spear to Henry R. Shotwell, dated June 3, 1856, for this lot, to secure the payment of one thousand dollars, was produced in evidence. Whereupon Vroman insisted that as to this lot, Darrow had not complied with his agreement, and asked the court to instruct the jury, that the fact, if proved, that he had occupied this lot, did not tend to show that the mortgage from Spear to Shotwell had ever been paid, and the lot cleared from this incumbrance. This instruction the court refused. The whole controversy turns upon this transaction and the refusal of this instruction. Appellee insists that the acceptance by Vroman of Spear's deed, with full covenants for the consideration of three thousand dollars expressed in it; Vroman's going into possession, and so remaining two years, until the building was destroyed by fire, were circumstances proper for the jury to take into consideration, in determining whether or not Vroman accepted such conveyance and possession, as a compliance, so far, with the contract. These were the instructions asked by Darrow on this point:

"If the jury believe from the evidence that the plaintiff accepted, under the contract offered in evidence by defendant, a deed from Thomas Spear, for west half of lot three (3), block 129, La Salle, containing covenants of warranty against incumbrances and of seizin; that under said deed said plaintiff went into possession of said lot and continued to occupy and possess the same without disturbance; then they are instructed that these facts and circumstances are proper for the jury to take into consideration, in determining whether or not said plaintiff accepted such conveyance and possession as a compliance, so far, with the contract.

"That a deed from Spear to plaintiff of west ½ of lot three (3), block 129, contains full covenants of warranty of title and against incumbrances, and in such case, if the title fails, or there are incumbrances upon said lot, said plaintiff has a right of action against said Spear upon such covenants."

This last instruction was modified by the court, by adding the following: "But plaintiff is not bound to bring his action against Spear, and the fact that he has a right so to do, does not release Darrow from complying with his contract with plaintiff."

As Vroman was not bound to accept the conveyance of this lot, incumbered by a mortgage, yet, having accepted it, the question was, did he accept it in discharge of the agreement? And this was a question for the jury. Any party has a right to waive a strict compliance with the terms of a contract, and proof of such waiver may consist of acts *in pais.* Now, in taking Spear's deed, and going into possession, and occupying two years without disturbance, the intention with which all these were done, was a fair subject of inquiry by the jury, as also the question whether, by accepting Spear's deed and going into possession, he did not rely upon the covenants in the deed for his protection in case of future disturbance.

This fact of going into possession, and holding it for two years, until "burned out," and the absence of any proof that Vroman ever tendered a reconveyance of the lot, is strong presumption, that he accepted the deed with Spear's covenants, in

full satisfaction of his debt. If not, he should have tendered a reconveyance before bringing suit. The fee simple of the lot is now in him, and it would be unjust to permit him to have and hold this lot, and a judgment against Darrow for its value.

The indorsement, by which the time for satisfying the mortgage to Shotwell was extended to sixty days, was not read to the jury, as the amended record shows, consequently, no use can be made of it by the appellant here.

The whole case turns on the intention of Vroman in accepting the deed from Spear and going into possession and enjoying those premises, and never offering to reconvey them.

We are of opinion the jury found correctly that it was a full compliance with the contract.

The plaintiff in error should have tendered a reconveyance of the lot, before he brought suit on the note. Not having done so, he must be held, by an acceptance and retention of it, as having received it in compliance with the contract.

The judgment is affirmed.

*Judgment affirmed.*