F. J. TESTA *v.* J. P. KAHAHAWAI, W. WHITE, D. L. KEKU, D. K. KALAUOKALANI and D. KALAU-OKALANI.

Exceptions from Circuit Court, First Circuit.

Submitted October 4, 1899. Decided December 9, 1899.

Frear and Whiting, JJ., and Circuit Judge Perry, in place of Judd, C.J., absent.

A verdict against four of five defendants for the whole sum claimed on a joint and several contract and against the remaining defendant for one-fifth of that sum, cannot stand.

An allegation that defendants are partners need not be proved if it can be shown otherwise that they are jointly liable.

The rule that parol evidence is inadmissble to vary the terms of a written instrument or that a contract cannot rest partly in writing and partly in parol, does not apply to a case where several entered into an oral contract the terms of which were afterwards put in writing and signed by some only of the parties.

OPINION OF THE COURT BY FREAR, J.

This action of assumpsit is brought to this court by defendants on exceptions to certain instructions of the trial Judge to the jury and to the overruling of a motion for a new trial based on the ground that the verdict was contrary to the law and the evidence.

Plaintiff's theory is that he as proprietor of the "Makaainana Printing House" entered into an oral agreement with the defendants as proprietors of the weekly newspaper "Ka Ahailono o Hawaii," in May, 1897, under which he was to print their paper and they were to pay him therefor $50 per issue of 3000 copies,

but if the number of copies should be reduced there should be a corresponding reduction in the payment at the rate of $2 per ream or 500 copies, the agreement to be in force six months with the privilege of six months more if mutually agreed; that this agreement was afterwards embodied in a written instrument dated May 31, 1897, and signed by three of the defendants, one of the others not having been requested to sign and the remaining one having declined, saying that the signatures of the three who had signed were sufficient; that afterwards the contract was renewed orally, by some if not all of the defendants, in accordance with the terms of the original agreement; that the plaintiff performed his part until the end of January, 1898, when he ceased, because of the failure of the defendants to pay; and that there was then a balance due and unpaid of $743.40 for which amount this action was brought.

We shall first consider the last exception, namely, that taken to the overruling of the motion for a new trial based on the ground that the verdict was contrary to the law and the evidence. The jury found against four of the defendants for the full amount claimed, $743.40, and against the remaining defendant for one-fifth of $448.50, this last mentioned sum being the amount due up to the end of the first period of six months during which the original contract was to be in force. The court instructed the jury that those of the defendants, if any, who had no further connection with the work either by request for an extension of the agreement or by acceptance of the work would not be liable for the value of the work done after the expiration of the first six months. It then proceeded as follows in its charge: "If you should decide that some of the defendants or all of them were liable on the original agreement, but that all of the defendants so liable are not liable for the work done after November 31st, your verdict would in that case be against the defendants who are liable only on the original agreement for the sum of $448.50, and against those of the defendants who are liable also under the extension of the agreement for the full amount claimed, $743.40. For instance, if you have five defendants, A, B, C, D and E, and A, B and C were liable under the original agree-

ment, and not under the extension, your verdict against A, B and C would be for the sum of $448.50; and if you should find that D and E were liable not only under the original agreement but under the extension, you should find a verdict against them for the full amount claimed, $743.40." It is contended that the verdict is uncertain, unintelligible, ambiguous, irresponsive to the issue and fatally defective. One specific objection to the verdict under this head is that it is joint against four of the defendants and several against one, and that in so far as it is against this one, it is not for the amount of $448.50 for the whole of which he was liable, if liable at all, but for only one-fifth of this. The objection is well taken. The plaintiff claimed that the defendants contracted jointly and severally. Let us assume that they did so contract in so far as they contracted at all. Still the verdict would have to be for the same amount against all who were in the same class. If all five defendants were liable under the original agreement, as the jury evidently found they were, the verdict should have been against all five for the $448.50 and if only four were liable under the extension of the agreement, the verdict should have been against all of them for the additional $294.90. The verdict could not properly be against four on the original agreement for the $448.50 and against one for one-fifth of that sum. It could not even properly have been against each of the five for cne-fifth of the whole, for each contracted for the whole, not for a fractional part. No doubt the instruction was erroneous or at least ambiguous and misleading for taken literally it would permit a verdict against five for $448.50 and against four for $743.40 or $1191.90 altogether, although only $743.40 was claimed. And whether, since no exception was taken to the instruction, we could set aside the verdict if it was in accord with the instruction, or whether we could so construe it in the light of the whole record as to allow it to stand, we need not say, for it does not accord with the instruction and is contrary to both the law and the evidence. The instruction would not permit a separate verdict against one and a joint verdict against four for the same sum, much less a several verdict against one for a fraction of that sum and a joint verdict against four for the

whole, when they were all equally liable for the whole if liable at all. Since the verdict must be set aside for the reasons stated we will not consider the other objections to it, especially as there may be no ground or occasion for raising them on a second trial.

The exceptions to the instructions will be briefly considered as the questions raised by them would otherwise probably be raised on a second trial. First, an exception to an instruction in substance that although the plaintiff alleged in the complaint that the defendants were partners and failed to prove it, yet such failure did not require the jury to render a verdict for the defendants. The defendants contend that since they were alleged to be partners they could not be held except as partners and that since they were not proved to be partners there was a fatal variance between the pleading and proof. But if they in fact jointly contracted they would be jointly liable whether they were partners or alleged to be partners or not. *Hunter v. Martin,* 57 Cal. 365; *Wallace v. Baisley,* 22 Or. 572. If the allegation that they were partners were stricken out there would still be a good cause of action stated. But it would be necessary to prove that they did jointly contract. If only a part of the defendants actually contracted then proof of a partnership would be necessary in order to hold all. For instance, since a partnership was not proved, the two defendants who did not sign the written agreement could not be held on that agreement. They could be held, if at all, only in case they entered into the oral agreement. The court so instructed the jury. It was a question of fact left to the jury to say whether all the defendants entered into the oral agreement. Whether the evidence was sufficient to support the finding on this question need not now be considered.

Secondly, the exception to the instruction in substance that if there were a prior verbal agreement all the defendants who were parties to it would be liable whether they signed the subsequent written agreement or not. Defendants contend that this instruction was in violation of the rule that parol evidence is inadmissible to vary the terms of a written contract, or that a contract cannot rest partly in writing and partly in parol. But this in-

17

struction was given by the court with reference to the theory that the verbal agreement contained exactly the same terms as the written agreement, in which case, of course, the parol evidence of the verbal agreement would not be at variance with the terms of the written agreement. Whether the verbal and written agreements were the same need not now be considered.

The verdict is set aside and a new trial ordered.

*Achi & Johnson* for the plaintiff,

*J. T. De Bolt* for four defendants,

*A. G. Correa* for defendant White.