### Globe Brewing Company, Appellant, v. American Malting Company, Appellee.

### Gen. No. 14,719.

1. CONTRACTS—*what waives time of performance.* Where time of performance is of the essence of a contract, the party who does any act inconsistent with the supposition that he continues to hold the other party to his part of the agreement will be taken to have waived it altogether.

2. CONTRACTS—*when time of the essence.* Time is generally of the essence of mercantile contracts. Time may be of the essence of a contract if such is the general effect of the terms as a whole.

3. CONTRACTS—*how waiver of provisions may be shown.* An extension or waiver need not be shown by an express agreement between the parties; it may be established by their acts and conduct with respect thereto. It may be inferred from facts and circumstances sufficiently indicating an intention to waive, and a new consideration is not essential.

4. CONTRACTS—*when notice of cancellation essential.* If a contract for the purchase and sale of merchandise provided for the purchase of a total amount by a specified time, the seller may, after the lapse of such time, waive the purchase of such amount and elect to terminate the contract; if, however, he continue to recognize and fill orders after such time, he cannot thereafter cancel without giving reasonable notice.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and judgment here. Opinion filed December 21, 1909.

Statement by the Court. Appellant, Globe Brewing Company, sued appellee, American Malting Company, in assumpsit in the Municipal Court of Chicago for a breach of contract for the sale of malt. Plaintiff's declaration consists of a special count on a written contract, and the common counts, and an additional special count based on the written contract, filed by leave of court.

The defendant filed a plea of general issue and a notice of set-off stating that the plaintiff is indebted to the defendant in a sum named for malt sold and delivered. The plea and notice were ordered to stand as pleas to the additional count.

The contract sued on is a memorandum of sale, as follows:

"AMERICAN MALTING COMPANY.
Memorandum of Sale.
Date Chicago, Feb. 19, 1905.
Sold to Globe Brewing Co.
P. P. Adress: 41st St, & Union Ave.
Quantity: 15,000 bushels 34 lbs. screened
Quality: Standard
Price: 51 cents.
F. O. B.: Brewery.

Terms of Payment: 90 days net from date of bill, or 1 cent per bu. off for cash.

When to be Shipped: as ordered during the season ending Dec. 31, 1906.

In bags or Bulk: Bulk.

The Bags when empty to be bundled and returned to the ................branch.

Shipping Directions: Via Team.

To ........................................................

Remarks: ........................................................

AMERICAN MALTING CO.

Per J. Temple.

Seller.

Correct:

Globe Brewing Company, Purchaser,

Philip R. Brand, Manager.

No privilege, option or refusal on an additional quantity will be recognized unless special and definite mention thereof is made on this blank''.

It is not controverted that there was a mistake in the date of the contract, the correct date being February 19, 1906.

At the time of making the contract sued on the plaintiff was buying malt from the defendant under a prior contract dated March 15, 1905, similar in terms, under which forty thousand bushels of malt was to be furnished at forty-nine cents a bushel, and all the malt was to be taken by March 15, 1906. The defendant continued delivering and the plaintiff continued taking malt under the prior contract until about August 31, 1906. Consequently, the plaintiff did not begin to order malt under the second contract prior to September 1906; and from that date to December 31, 1906, the date mentioned in the contract sued on as the close of the season within which all the malt was to be delivered and taken, the deliveries were all made under the contract sued on. During January, 1907, at various dates, seven loads were ordered and delivered. During February, 1907, five loads were ordered and delivered; and in March, 1907, five loads were ordered and delivered. All these deliveries

were made by the defendant under the contract, at the price of fifty-one cents a bushel, although during the whole of the period between December 31, 1906, and March 15, 1907, the market price of malt of the same grade largely exceeded the contract price.

On December 31, 1906, only about 6,100 of the 15,000 bushels specified in the contract sued on had been ordered by the plaintiff.

On March 14, 1907, the defendant wrote to the plaintiff, from New York, the following letter:

"Gentlemen:—

Your contract with this company, dated February 19, 1906, having expired by limitation on December 31, 1906, and having granted you two and one-half months additional time, we hereby notify you that the balance remaining undelivered has been canceled.

Respectfully yours,

AMERICAN MALTING COMPANY."

At this date 3,974 bushels of the 15,000 still remained to be delivered under the contract. Plaintiff, about that date, made a new contract for that quantity of malt at eighty-three cents a bushel which was less than the market price.

When this action was brought, there was due from the plaintiff to the defendant $1330.95 for malt furnished during February and March, 1907. The off-set claimed by the defendant is for this amount.

The case was tried before the court without a jury. The court, at the close of the plaintiff's evidence, found the issues for the defendant, and that the plaintiff was not entitled to recover for a breach of the contract. The court assessed the defendant's damages at $1,330.95 and entered judgment on the finding.

LACKNER, BUTZ & MILLER, for appellant.

EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The correct solution of the controversy in this cause

turns upon the question whether the defendant, appellee, waived the time fixed in the contract for ordering the malt by the plaintiff.

"A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish it. Hoxie v. Ins. Co., 32 Conn., 40; Lewis v. Ins. Co., 44 Conn., 72; West v. Platt, 127 Mass., 372". Perin v. Parker, 25 Ill. App. 465; affirmed in 126 Ill. 201. A waiver may be by such conduct as warrants an inference of the relinquishment of such right. Cole v. Dial, 12 Tex. 100; Findeisen v. Metropole Fire Ins. Co., 57 Vt. 520; Peninsular Land T. Co. v. Franklin Ins. Co., 35 W. Va. 666; Moline Malleable Iron Co. v. McDonald, 38 Ill. App. 589; Stow v. Russel, 36 Ill. 19; Vroman v. Darrow, 40 Ill. 171; Frost v. Thompson, 18 Ill. App. 410.

Where time of performance is of the essence of the contract, a party who does any act inconsistent with the supposition that he continues to hold the other party to his part of the agreement will be taken to have waived it altogether. King v. Wilson, 6 Beav. 124; Baker et al. v. The Bishop Hill Colony, 45 Ill. 264; and cases cited in 29 Am. & Eng. Ency. of Law, Vol. 29, p. 1104. When a specific time is fixed for the performance of a contract and is of the essence of the contract and it is not performed by that time, but the parties proceed with the performance of it after that time, the right to suddenly insist upon a forfeiture for failure to perform within the specified time will be deemed to have been waived and the time for performance will be deemed to have been extended for a reasonable time. King v. Radeke, 175 Ill. 72; Moline Malleable Iron Co. v. McDonald, *supra*. On the other hand a waiver will not be implied from slight circumstances, but must be evidenced by an unequivocal and decisive act clearly proven. If the act or acts relied on is not of such a character, or is not inconsistent with the enforcement of the right claimed to

have been waived or an intention to rely upon it, no waiver is established.

Applying these principles to this case, we find that the contract which forms the basis of this action contains the following clause: "When to be shipped: as ordered during the season ending Dec. 31, 1906." The rights of the parties depend upon the legal effect of this provision, and the actions of the parties with reference to it.

This provision must, of course, be construed in connection with the balance of the contract, which is, we think, an executory contract for the sale of 15,000 bushels of malt, as the plaintiff should order it delivered during the season named. It was the clear intention of the parties that the buyer was to take, and that the seller was to deliver, that amount of malt. No option is given by the contract to the buyer to take less, or to the seller to deliver less than that amount. The buyer, under the first part of the clause above quoted, had the privilege to order the malt delivered at any time during the season, thus regulating the delivery to suit its convenience. The seller, on the other hand, had the right to compel the performance of the contract, on the part of the buyer, on or before December 31, 1906, for, although time is not made the essence of the contract by an express provision to that effect, in our opinion, time was of the essence of this contract. Time is generally of the essence in mercantile contracts. Williston on Sales, secs. 189, 453, 457.

The record shows that on December 31, 1906, only about sixty-one hundred bushels of the fifteen thousand had been ordered by the plaintiff. For this substantial breach of the contract, it is clear that the defendant could have refused to deliver malt on orders made after December 31, 1906; and we think it equally clear and well settled under the authorities cited *supra*, it could waive the breach and the time specified, and go on with the performance, the time limit

being, as we have stated above, for its benefit only. Williston on Sales, sec. 192.

The question then resolves itself into this inquiry—did the defendant waive the time fixed in the contract for ordering the malt? If it did waive the time it is clearly in default for refusing to complete the delivery of the malt and treating the contract as canceled on March 14, 1907.

The evidence in the record shows, first, that prior to the execution of the contract in question the plaintiff purchased malt from the defendant under a former written contract, which by its terms expired on March 15, 1906; but, that under such former contract the plaintiff continued to order, and the defendant continued to deliver, malt until September 1, 1906, more than five months after the expiration of the contract, and for six months after the date of the contract sued on in this case. Second, after December 31, 1906, without comment by either party, the plaintiff continued to order and the defendant continued to accept the orders and to deliver malt in the same manner as before that date, and until March 14, 1907. There were many orders and many deliveries during that period of two months and a half. And from December 31, 1906, the market price of malt exceeded the contract price and was steadily going up. That the orders and the deliveries during January, February and March, 1907, were made under the contract sued on is made clear beyond any question by the bills for these deliveries sent by the defendant, and by its letter of March 14, 1907.

We think that the uncontroverted evidence of this continued course of conduct warrants the inference that the defendant intended to relinquish its known right to refuse to deliver malt, under the contract, on orders given after December 31, 1906, and to waive the time limit of the contract. Such an extension or waiver need not be shown by an express agreement between the parties; it may be shown by

their acts and conduct in respect thereto. It may be shown by facts and circumstances sufficiently indicating an intention to waive. Frost et al. v. Thompson et al., *supra*, citing Vroman v. Darrow, 40 Ill. 171.

We think the authorities cited above are a sufficient answer, without further discussion, to the contention of the Malting Company that after the time of the performance of a contract has passed, any arrangement made between the parties for performance at a different time is not binding, unless supported by a new consideration, as applied to the facts of this case.

The position taken by the defendant apparently was that it could, at its option, continue the contract in force for such a period of time as it deemed advisable, and then, when it no longer deemed it expedient so to do, it could cancel the same, arbitrarily, without notice to, or consultation with, the plaintiff. This position is not tenable, in our opinion. The defendant had a right of election immediately after December 31, 1906, whether it would continue to deliver malt under the contract, or cease delivery, but having exercised that right by electing to consider the contract to deliver as still binding and in full force, it could not recall that election, and cancel the contract, as it attempted to do by its letter of March 14, 1907, without giving reasonable notice of its intention. King v. Radeke, *supra*. In refusing to deliver the remaining 3974 bushels called for by the contract, the defendant was guilty of a breach of its contract, and the plaintiff is entitled to recover damages measured by the difference between the contract price and the market price at the date of the breach. According to the evidence this difference was thirty-four cents a bushel, making the plaintiff's damages $1,351.16. Deducting from this sum the amount of the defendant's set-off for malt delivered under the contract and not paid for, $1,330.95, there is left a balance of $20.21, for which amount the defendant

is indebted to the plaintiff, and the plaintiff is entitled to judgment therefor. The judgment of the Municipal Court is therefore reversed and judgment will be entered in this court in favor of the Globe Brewing Company and against the American Malting Company for $20.21.

*Reversed and judgment here.*