THE GLOBE BREWING COMPANY, Defendant in Error, *vs.*
THE AMERICAN MALTING COMPANY, Plaintiff in Error.

*Opinion filed December 21, 1910.*

1. APPEALS AND ERRORS—*when question whether there is any
evidence to sustain cause of action·is presented.* Where the de-
fendant in a suit at law tried without a jury makes a motion, at
the close of the plaintiff's evidence, to strike out all the evidence
and find the issues in favor of the defendant, and the plaintiff ex-
cepts to the action of the court in finding the issues for the de-
fendant, the question is presented in the court of review whether
there is any evidence tending to sustain the cause of action.

2. SAME—*proviso to section 121 of Practice act, referring to
amount of judgment, means judgment of trial court.* The proviso
to section 121 of the Practice act, which limits the right to issue a
writ· of *certiorari* in actions *ex contractu* and cases sounding in
damages to cases in which the judgment, exclusive of costs, ex-
ceeds $1000, refers to the judgment of the trial court and not to
the judgment of the Appellate Court, which is usually for costs.

3. CONTRACTS—*when vendee cannot elect to treat contract as
broken or continue it in force.* Where a brewing company con-
tracts to buy of a malting company a definite number of bushels
of malt at a fixed price per bushel, to be shipped, as ordered by
the purchaser, during the season ending at a specified date, the
time of delivery is equally binding upon and for the benefit of
both parties and not for the benefit of the purchaser alone, and if
the entire quantity is not ordered and delivered when the contract
expires by its terms, the purchaser has no right to elect whether
it will treat the contract as broken, or waive the time limit and
thereby bind the vendor to full performance.

4. SAME—*when neither party can be regarded as in default.*
Where a contract for the purchase of a definite quantity of malt at
a fixed price per bushel, to be delivered, as ordered by the pur-
chaser, during the season ending on a specified date, expires, by
its terms, before the full quantity is ordered and delivered, and
the vendor does not tender the undelivered portion nor the pur-
chaser demand its delivery, neither party can be regarded as in de-
fault; and the mere fact that orders are given and filled after the
expiration of the contract, at the price named therein, does not
bind the parties to complete the original contract.

5. SAME—*when rule that one inducing another to perform after
contract has expired will be held to performance does not apply.*
The rule that if one party to an executory contract induces the
other to perform, or accepts· performance, after the time limited

therefor he will be held to a performance upon his part, has no application to a case where the purchaser merely continues to order and the vendor to deliver after the expiration of the contract without either party having been put in default or without any inducement or new consideration, and in such case the giving and filling of the orders binds neither party beyond the amount of such orders.

6. SAME—*when giving and filling orders after the expiration of time for performance does not tend to show new contract.* If a contract for the purchase of a certain quantity of malt, to be delivered, as ordered by the purchaser, during the season ending at a specified time, has not been completed at such specified time but neither party puts the other in default by tendering or demanding performance, the original contract is at an end; and the mere fact that the purchaser continues to order and the vendor to deliver at the old price does not tend to show a new contract, which must have a consideration.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding.

EDMUND S. CUMMINGS, for plaintiff in error:

Where the performance of the defendant's contract depends on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent or must show some excuse for non-performance of such condition, and must prove the same upon the trial. *Hoy* v. *Hoy,* 44 Ill. 469; *Life Ins. Co.* v. *Kellogg,* 82 id. 614.

After the time for the performance of a contract has passed, any arrangement made between the parties for the performance of the contract at a different time is not binding unless supported by a new consideration. Benjamin on Sales, (5th ed.) 688; 2 Mechem on Sales, sec. 1152; *Hill* v. *Blake,* 48 N. Y. Sup. Ct. 253; *Plevins* v. *Dowling,* 1 C. P. Div. 22; 24 Am. & Eng. Ency. of Law, 1077.

It is indispensable that the party seeking to enforce the contract upon a request for performance made after the expiration of the period originally fixed shall be the forbear-

ing one, for otherwise he cannot show that he was ready and willing to perform at the time or place originally agreed upon. 2 Mechem on Sales, sec. 1152.

Mere indulgence or silent acquiescence is never construed into a waiver unless some element of estoppel can be invoked. 29 Am. & Eng. Ency. of Law, (2d ed.) 1106.

A waiver, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied upon as a waiver must be such as to estop the party from insisting on the right claimed to have been relinquished. 29 Am. & Eng. Ency. of Law, (2d ed.) 1097.

The doctrine of estoppel *in pais* is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant it must appear the person against whom it is invoked has by his words or conduct caused him to believe in the existence of a certain state of things and induced him to act upon that belief. If both parties are equally cognizant of the facts and one has acted under a mistaken idea of the law, the other party cannot say he has been deceived thereby and entitled to an application of the rule but will be considered as having acted upon his own judgment solely. *Holcomb* v. *Boynton,* 151 Ill. 294.

FREDERIC E. VON AMMON, for defendant in error:

The time limit contained in the contract in question was a stipulation for the benefit of the American Malting Company, which it could waive if it chose to do so. 9 Cyc. 608.

By its conduct in electing to recognize the contract as still in force after the expiration of the time limit the American Malting Company did waive said stipulation inserted for its benefit, and thereby estopped itself from attempting afterwards to rely upon it. 9 Cyc. 608.

A waiver may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in

question will not be insisted upon. 29 Am. & Eng. Ency. of Law, (2d ed.) 1103; *Stow* v. *Russell,* 36 Ill. 19; *Gray* v. *Railroad Co.* 48 N. Y. Sup. Ct. 121; *Vroman* v. *Darrow,* 40 Ill. 171.

A waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. 20 Am. & Eng. Ency. of Law, (2d ed.) 1091.

Where time of performance is of the essence of the contract, a party who does any act inconsistent with the supposition that he continues to hold the other party to this part of the agreement will be taken to have waived it altogether. 29 Am & Eng. Ency. of Law, (2d ed.) 1104.

Where a specific time is fixed for the performance of a contract and the same is not performed by that time but the parties proceed with the performance of the same after that time, the right to insist upon a forfeiture for failure to perform within the specified time will be deemed to have been waived and the time for performance will be deemed to have been extended for a reasonable time. *King* v. *Radeke,* 175 Ill. 72.

Mr. JUSTICE DUNN delivered the opinion of the court:

On February 19, 1906, the Globe Brewing Company bought of the American Malting Company 15,000 bushels of malt at fifty-one cents a bushel, to be shipped as ordered during the season ending December 31, 1906. This suit was brought by the Globe Brewing Company, the defendant in error, in the municipal court of Chicago, to recover damages for a failure to deliver 3974 bushels of malt under the contract. The defendant, which is here the plaintiff in error, pleaded the general issue, and gave notice of a set-off of $1330.95 for malt delivered under the contract. A trial by the court without a jury resulted in a judgment in favor of the plaintiff in error for the amount of its set-off, which was not disputed. The Appellate Court reversed

247 — 40

the judgment and rendered judgment in favor of the defendant in error for $20.21, being the amount claimed by it less the set-off of the plaintiff in error, and a writ of *certiorari* has been awarded to bring the record before us for review.

The facts are undisputed, the evidence being wholly documentary except the testimony of one witness, the manager of the defendant in error, who testified in its behalf. No propositions of law were submitted to the court and no objections were made to any evidence, but at the close of the evidence the plaintiff in error moved to strike out all the evidence and find the issues in its favor. Upon the hearing of such motion the court found the issues for the plaintiff in error. The defendant in error excepted, and thus the question was presented to the Appellate Court, and is presented here, as to whether there was any evidence tending to sustain the original cause of action declared on by the defendant in error.

In March, 1905, the Globe Brewing Company had purchased of the American Malting Company 40,000 bushels of malt at forty-nine cents a bushel, to be shipped as ordered by March 15, 1906. After the contract of February 19, 1906, the defendant in error continued to order and the plaintiff in error to deliver malt under the previous contract until August, 1906, when the delivery of the entire 40,000 bushels was completed, and no malt was ordered or delivered under the new contract until September, 1906. After that time deliveries were made under the new contract upon the orders of the defendant in error, but on December 31, 1906, (the date of the expiration of the contract,) there remained undelivered 8900 bushels of the 15,000 bushels sold, and the price of malt had advanced to seventy-five cents or eighty cents a bushel. The defendant in error continued to order malt after the expiration of the contract, and during the months of January, February and March, 1907, the plaintiff in error delivered the

malt at the price of fifty-one cents until March 14, 1907, when it notified defendant in error that, the contract having expired, the balance remaining undelivered had been canceled. The market price of malt was then between eighty-five and ninety cents a bushel and the quantity of malt remaining undelivered was 3974 bushels.

It is suggested on behalf of the defendant in error that the proviso in section 121 of the Practice act limits the right to issue a writ of *certiorari* in actions *ex contractu* and cases sounding in damages to cases in which the judgment, exclusive of costs, exceeds $1000. The judgment of the Appellate Court is usually for costs, only, and the proviso in section 121 refers, not to the judgment of that court, but to the judgment of the trial court.

After December 31, 1906, the plaintiff in error not having tendered the undelivered portion of the malt and the defendant in error not having demanded its delivery, the contract between them was by its terms at an end and neither party had any claim against the other for its breach. No contract existed between them, and their relation to one another was the same as if none ever had existed. If any liability afterward arose from one to the other it must have arisen out of an express or implied contract afterward made. It is the position of counsel for the defendant in error that upon the expiration of the thirty-first day of December without the delivery of the malt the plaintiff in error had an election to treat the contract as broken and sue for damages, or to waive the time limit fixed for delivery and continue to regard the contract in force. No such right of election existed. There had been no breach of the contract for which the plaintiff in error could sue, and it could not, at its option, continue in force a contract which had expired by its terms. The time of delivery was not a provision inserted for the benefit of either party, but was an essential part of the contract equally binding upon and for the benefit of either party. Neither party can be

regarded as in default, because neither party had tendered performance. The fact that the plaintiff in error, after the expiration of the contract, filled an order of the defendant in error for malt at the price fixed in the contract has no tendency to prove a new contract to deliver the remainder of the malt. Such new contract must have a consideration. The time for the performance of the original contract having passed, the plaintiff in error was at liberty to refuse to deliver any more malt, or to deliver all that remained of the 15,000 bushels or such part as it saw fit. The plaintiff in error was not bound by the filling of any order, or the defendant in error by the giving of any order, beyond the amount of such order.

The doctrine of waiver has little or no application to the facts of this case and the doctrine of estoppel none at all. In the case of executory contracts, if, after the time limited for performance, one party induces the other to go on and perform or accepts performance, the party so inducing or accepting performance will be held to performance on his part. Such is the character of the cases cited on behalf of the defendant in error, but such is not this case. The plaintiff in error did not induce the defendant in error to continue in the performance of its contract, and was under no obligation to continue performance on its part, at the request of the defendant in error, longer than it saw fit.

The set-off of the plaintiff in error having been admitted in the trial court and there being no evidence to sustain the cause of action of the defendant in error, the judgment of the municipal court was rightly rendered in favor of the plaintiff in error and the Appellate Court erred in reversing it. The judgment of the Appellate Court will therefore be reversed and that of the municipal court affirmed.

*Judgment reversed.*