## Evansville Brewing Association, Appellant, v. Winona Malting Company, Appellee.

### Gen. No. 26,366.

1. FOOD—*regulation by federal Food Administrator.* The deal-ings between a maltster and a brewer for the sale and delivery of malt during 1918 while the United States was engaged in · the world war were subject to the regulation of the United States Food Administrator.

2. SALES—*construction of contracts as to quantity.* Contracts for the delivery of two quantities of malt, one within 90 days and the other within 120 days, delivery to meet the purchaser's requirements upon orders, were both by their own terms and under Rule 5 prescribed by the Food Administrator, for the furnishing of malt .to meet the requirements of the purchaser in its brewing business only.

3. SALES—*termination of contract by lapse of time and under rules of federal Food Administrator.* Contracts for the delivery of malt, one lot within 90 days and another within 120 days as it should be needed by the purchaser, ended with the efflux of time both by the terms of the contract and under the rules of the Food Administrator which provided that no licensee should contract for the sale of malt except such as required shipment or delivery within 120 days and that no malt should be delivered in quantities exceeding the amount required to fill the reasonable requirements of the purchaser's business.

4. SALES—*rights under contract to supply needs of business.* A brewer having contracts with a maltster for the delivery of malt which, by the terms of the contract as well as under the regulations of the United States Food Administrator, was to be delivered only as needed by the brewer in his business, could not, after the needs of its business were supplied, demand delivery of the balance for the purpose of resale.

5. SALES—*what does not constitute an extension of period of contract by seller.* The fact that defendant, after expiration of

the time for delivery of malt to plaintiff under a contract limited to a definite period and requiring delivery only as needed in plaintiff's business, filled an order for a car of malt was not evidence of an agreement for an extension of time for delivery.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed May 16, 1921.

MERGENTHEIM, ALTHEIMER & MAYER, for appellant; MORTON A. MERGENTHIEM, of counsel.

PETIT, CUMMINGS & COLSON, for appellee; EDMUND S. CUMMINGS, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

On trial before the court there was a finding for defendant and a judgment of *nil capiat* thereon, from which plaintiff seeks a reversal by this appeal.

This action involves two contracts made by defendant with plaintiff for the sale by defendant to plaintiff of malt, one of date February 6, 1918, for 25,000 bushels at the price of $1.78 a bushel f. o. b. Evansville, Indiana, delivered within 90 days, payment cash 30 days after shipment. The other contract is dated March 6, 1918, and is for an additional 25,000 bushels of malt at the price of $2.28 a bushel, malt to be placed upon cars by defendant and delivered at Evansville 120 days after date of contract; payment to be 30 days after date of invoice. There were delivered, received and paid for 1,780.96 bushels of malt under the first contract and 16,242.78 under the second contract. Plaintiff sues for damages for the nondelivery of 23,-219.04 bushels under the first contract and 8,757.22 bushels under the second contract. The damages claimed are the difference between the contract price and the market price on October 2, 1918, when the balance of the malt was demanded; which, it is said,

amounts to the sum of $50,640.45, plus interest.

The record teems with letters of the parties on the subject-matter, but we do not deem their recital necessary to a statement of the conclusion at which we have arrived.

Plaintiff was a brewer at Evansville and defendant was a maltster in Chicago. It is said that plaintiff brewed "beer and near beer" and that the two orders were for malt necessary for use in its beer brewing business and that deliveries to meet its requirements were to be made upon orders. The orders in question were given while this country was engaged in the world war, and in consequence the malt and brewing industries were under the control of the United States Food Administrator by authority of an act of Congress and an executive order promulgated by the President August 10, 1917. February 11, 1918, under such act and promulgation, defendant was licensed to deal in malt subject to the rules and regulations prescribed by the Food Administrator. February 27, 1918, there were issued special rules and regulations governing licensees in the manufacture, storage and distribution of malt.

Rule 2 prohibited licensee from malting after July 1, 1918, any grain produced in 1917, or to keep on hand or under control any such grain after the former date. Rule 4 provided that no licensee should make any contract for the sale of malt except such contracts as required shipment or delivery within 120 days after the making of such contract, although such rule was not to be retroactive in its effect as to any contract existing prior to February 15, 1918. The contract of March 6 was, it will therefore be seen, made subject to such rule, and provided for delivery within the 120 days. Rule 5 provided that no malt should be delivered in quantities in excess of the amount required to fill the reasonable requirements of the purchaser's business during the next 60 days, except that between

CHICAGO—FIRST DISTRICT—MAY, 1921.    101

Evansville Brewing Assn. v. Winona Malting Co., 221 Ill. App. 98.

May 1 and August 15 the amount delivered should not exceed the reasonable requirements for the purchaser's business for use before October 15 of that year. So it will be seen that under the contracts, as well as under Rule 5 recited, the malt contracted for was to be furnished to meet the requirements of plaintiff in its brewing business only.

After the expiring dates of both contracts, on July 11, 1918, and without any understanding between the parties in relation thereto, or as to any extension of time of delivery, defendant wrote plaintiff that it was carrying about 25,000 bushels of malt for it. July 20 plaintiff wrote defendant that it did not want defendant to send any part of the malt, but wanted defendant to hold it; that its president was on a trip east and on his return would stop off at Chicago and see defendant regarding the malt. The only response to this letter was by Mr. Bullen, defendant's president, that he would be glad to see plaintiff's president when he came to Chicago. Plaintiff claims that its president did call upon defendant's president and that it was agreed at the time of such call that the balance of the malt plaintiff would take as needed; but defendant's president denied both the meeting and the agreement. However this may be, the only matter material to this claim is that plaintiff's president's alleged conversation sustains defendant's interpretation of the contracts as well as the limitation of Rule 5 of the Food Administrator above quoted, that the malt was to meet plaintiff's requirements only.

October 2, 1918, the president of plaintiff had an interview with defendant's president in Chicago, in which defendant's president informed plaintiff's president that it had no malt on hand for it; that all its malt had been sold.

It was admitted on the trial that plaintiff did not need the malt for its own requirements; that it had on hand sufficient malt to meet all its requirements for

the succeeding 30 days, if not longer. On that day plaintiff demanded that defendant deliver all the malt due it under its contract, which it wanted for resale, not to meet its own requirements.

That the dealings of the parties were subject to the United States Food Administration Act, *supra*, cannot be gainsaid. Under that act the parties were inhibited from contracting for deliveries of malt over a longer time than 120 days.

Aside from any question of any promise made by defendant on July 11, 1918, to extend the time of delivery of the malt, or whether there was any consideration to support such new promise, we are of the opinion that the contracts, both in accordance with their terms and Rule 5, *supra*, ended by efflux of time. It is clear that the malt ordered and in suit was not needed to meet plaintiff's requirements in its brewing business, and that plaintiff lay dormant before demanding the balance of the malt for some time after the time limit for delivery had under the terms of the contract expired. Under these circumstances we think plaintiff forfeited its right to recover damages from defendant for its refusal to make further deliveries after the contract by its terms and under Rule 5, *supra*, had ended.

It is said that in August, 1918, plaintiff ordered a car of malt from defendant, which order it filled and was paid for. This, it is contended, is evidence of an agreement for an extension of time of delivery.

We think the reasoning in *Globe Brewing Co. v. American Malting Co.*, 247 Ill. 622, is contrary to plaintiff's contention. The court said:

"The fact that the plaintiff in error, after the expiration of the contract, filled an order of the defendant in error for malt at the price fixed in the contract has no tendency to prove a new contract to deliver the remainder of the malt. Such new contract must have a consideration. The time for the performance

Evansville Brewing Assn. v. Winona Malting Co., 221 Ill. App. 98.

of the original contract having passed, the plaintiff in error was at liberty to refuse to deliver any more malt, or to deliver all that remained of the 15,000 bushels, or such part as it saw fit. The plaintiff in error was not bound by the filling of any order, or the defendant in error by the giving of any order, beyond the amount of such order.''

We think this case is decisive against plaintiff's contention. Plaintiff had no right under its contracts to demand any malt except to meet its requirements as brewers. Undoubtedly plaintiff was handicapped in its brewing business not only by the Food Administration Act but by the prohibition legislation in the State of Indiana and the so-called national Volstead Act. However this may be, deliveries were not to be extended beyond the contract period nor beyond the time limited under Rule 5 of the United States Food Administrator, with knowledge of which the contracts were assumedly entered into, nor can plaintiff demand for resale a delivery of the balance of the malt contracted for. A delivery for such purpose is within the inhibition of Rule 5, *supra*.

We find no cause to reverse the judgment of the municipal court for any errors appearing in the record, and the judgment is affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.