WILLIAM E. HARPER, Plaintiff-Appellant, *v.* DELBERT A. FREEMAN, Defendant-Appellee, and TOM FREEMAN, JOHN TOMPARY and JULIAN HERNDON, JR., Defendants

NO. 7851

(CIVIL NO. 45600)

JANUARY 28, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

2

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment below rendered in favor of the defendant-appellee after a jury-waived trial. Because of errors of law, we reverse.

On or about January 9, 1972, after some preliminary negotiations, an agreement was entered into whereby the appellant agreed to sell all of the outstanding shares of a corporation, Waper, Inc., to four persons of whom the appellee was one. Under the agreement, the purchasers agreed to pay appellant $1,000 down and $15,000 by way of a promissory note and agreed jointly and severally to assume certain named indebtednesses of Waper, Inc., which appellant had guaranteed. The agreement was executed by the appellant, by Defendant Julian Herndon, Jr. and by the appellee on or about that date. Herndon and appellee also executed a joint and several promissory note dated January 18, 1972 in favor of appellant in the amount of $15,000 and a joint and several continuing guaranty dated January 19, 1972 of the payment by Waper, Inc. of its indebtedness to the First Hawaiian Bank up to the sum of $300,000. At the time of the execution of the agreement by appellant, appellee and Herndon, appellant was paid the $1,000, he turned over the stock in Waper, Inc. to Herndon, and possession of the business premises to Herndon and one Balbas. Thereafter, apparently Herndon and Balbas operated the business of Waper, Inc. until it closed down.

Although a copy of the agreement purporting to be executed by the other putative purchasers was forwarded to the appellant, the court found that one of the other putative purchasers, Tom Freeman, had never executed the document and that his signature thereon was forged. Based on that fact, the court below concluded, as a matter of law, that the contract was void *ab initio* and that there was a failure of consideration to appellee and accordingly entered judgment for the appellee.

Appellee, in his brief, seeks to cast this case as being one founded upon findings of fact but that is not so. There is no problem with the findings of fact entered by the court below insofar as they go. The problem is that the conclusions of law drawn therefrom are erroneous.

Appellee first contends that as a matter of law, since all of the putative purchasers did not execute the documents, the contract was void. Absent proof of a partnership on the part of all the putative purchasers, there could be no liability on the part of those who did not sign the agreement. *Testa v. Kahahawai*, 12 Haw. 254 (1899). But this case involves the liability of one who signed not only the contract but the note and the continuing guaranty. The obligations about which appellant is principally complaining, that is, the failure to pay him the $15,000 and to make good on the corporation's obligations, were, under the terms of the note and guaranty as well as paragraph 4 of the agreement, joint and several obligations so that appellee, as a signatory, is bound, both jointly and severally, to those obligations. 17 AM. JUR.2d, CONTRACTS, §§ 298, 299, 300 (1964).

The case of *Dean v. Dean*, 229 S.C. 430, 93 S.E.2d 206 (1956) relied upon by the appellee is not in point. That is a case in which the court found as a matter of fact that the signature of all parties was a condition precedent to the effectiveness of the contract. If, factually, there is such a condition precedent, then a contract only becomes effective when all parties have signed. 17 AM. JUR.2d, CONTRACTS, § 71.

But as has been said:

Where a several party contract does not indicate otherwise on its face or by its terms, a signatory party has the burden of showing that he was not to be bound until the instrument had been executed by all those named.

*Young v. Wallace*, 327 Mich. 395, 403, 41 N.W.2d 904, 908 (1950). This is in accord with the general rule in contract actions that the burden of proof is on the party having the affirmative of an issue. 17A C.J.S., CONTRACTS, § 578 (1963). Compare, *Union Trust Co. v. Carey*, 36 Haw. 390 (1943).

The court below did not find that factually there was a condition precedent of the signature of all parties to the contract here involved. Indeed, the other findings of fact of the court below seem inconsistent with such a finding. This is not surprising since, in the oral decision by the judge below, he stated, with respect to appellee's testimony:

While conceding the execution of said documents, Mr. Freeman nevertheless contends that the agreement was merely tentative

until a closing date was reached. On the credible evidence, the court finds otherwise.

Absent the finding of a condition precedent, the fact that one of the putative purchasers does not execute the agreement does not render it void, particularly where, as here, appellant performs his obligations pursuant to the agreement.

Turning to the contention that there was a failure of consideration, appellee undoubtedly received nothing personally. But that fact is not legally sufficient to constitute a failure of consideration. As Chief Justice Marshall said, over 170 years ago, in *Violett v. Patton*, 5 Cranch (U.S.) 142, 150, 3 L.ed. 61, 63 (1809):

> To constitute a consideration, it is not absolutely necessary that a benefit should accrue to the person making the promise. It is sufficient that something valuable flows from the person to whom it is made; and that the promise is the inducement of the transaction.

In accord are RESTATEMENT (SECOND) OF CONTRACTS, § 71 (1981) and 1 WILLISTON ON CONTRACTS (3rd Ed.), § 113 (1957). Here, appellant delivered the stock of Waper, Inc. to Herndon and the premises to Herndon and Balbas as a result of the execution of the contract by Herndon and appellee. Accordingly, there was no failure of consideration.

The judgment below is reversed and the case is remanded for a determination of the amount of damages, if any, due appellant from appellee and entry of judgment thereon.

*Susan M. Ichinose (Carole R. Richelieu-Ching* on the reply brief, *Mukai, Ichiki, Raffetto & MacMillan* of counsel) for appellant.

*George W. Playdon, Jr. (John H. Price* on the brief, *Davis & Playdon* of counsel) for appellee.