## C. S. CRANE *et al.*

*v.*

## J. J. KILDORF, EXR.

1. ASSIGNMENT *of contract of purchase of corn—subsequent modification of contract by assignee—rights and liabilities of the various parties.* Where A had contracted with B for the delivery to the former of shelled corn at 40 cents per bushel, and A afterwards assigned the contract to C, who received and paid for a part of the corn, and B being unable to get the balance shelled, C agreed to take the corn in the ear at two cents a bushel less, under which modification other of the corn was delivered, and A, on the refusal of C to pay for the corn in the ear, paid the same to B and brought suit against C to recover the money so paid by him, it was *held*, that the waiver of the right by C to have the corn shelled did not avoid the original contract between A and B, but left it in force, except that the price was less per bushel, and that the subsequent payment by A was a ratification of the change made in the contract, and that A was entitled to recover of C the amount so paid for him under the modified contract.

2. The purchaser of corn to be delivered at a certain place has the right to direct to whom it shall be delivered at such place, and its delivery to his assignee, without any agreement on the part of the vendor to release him and look to the assignee for payment, does not release the original purchaser from his obligation to pay under the contract, and when he makes such payment on default of the assignee to pay, he may recover the sum so paid of the assignee who had agreed with him to pay for the grain.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER, BROWN & RUSSELL, and Mr. R. W. MILLS, for the appellants.

Messrs. WHITNEY & TINNEY, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by George Spurck, against C. S. Crane and John Hurd, partners, doing business under the firm name of C. S. Crane & Co., to recover a certain amount of money which the plaintiff had paid one Josiah Evans for corn delivered to the defendants under a written contract made between Evans and the plaintiff, which had been assigned by Spurck to the defendants.

The written contract was as follows:

"*Virginia, Ill., Dec.* 18, 1873.

"This agreement witnesseth, that Josiah Evans has this day sold to George Spurck, of Peoria, between 5000 and 6000 bushels of corn, being the crop now on the Beggs & Elmore farm, raised by said Evans; to be delivered by said Evans at Philadelphia, shelled, as soon as the condition of the roads will permit, the price to be 40 cents per bushel, the cost of weighing. to be divided between the two parties; and the receipt of $100 is hereby acknowledged on this contract.

GEORGE SPURCK,
      per Ditton.

JOSIAH EVANS.

"It is further agreed, that if a part of said corn should be delivered, and said Evans should be prevented by the condition of the roads from delivering the remainder for any considerable time, then he is to be paid for what he has delivered."

On the back of the contract was the following assignment:

"For value received I hereby assign the within contract to the firm of C. S. Crane & Co. Virginia, Illinois, January 3, 1874.

GEORGE SPURCK,
per H. Ditton."

It appears, from the evidence, that Evans delivered to Crane & Co., under the contract, 2019 bushels of shelled corn, for which he was paid. About this time Evans had some trouble to get a sheller, and under an arrangement with Crane & Co. he delivered 652 bushels and 40 pounds of corn in the ear at a reduction of two cents per bushel, the price of shelling. After the delivery of this corn the roads were in such a bad condition that corn could not be hauled, and Evans stopped the delivery of corn and called on the agent of Crane & Co. for payment for the 652 bushels. Payment being refused, he at once went to the agent of plaintiff and demanded payment under the written contract, and received of Spurck's agent $255, the amount due. Spurck then called on Crane & Co. for payment of the money which he had advanced. They refused payment, and this action was instituted to recover the same.

It is neither questioned nor denied that Crane & Co. received the 652 bushels of corn, nor is there any dispute in regard to the fact they have paid nothing for it, but it is contended the ear corn was delivered under a new contract made between Evans and Crane & Co., to which Spurck was a stranger, under which he was not liable to Evans. This position is not sustained by the facts of the case.

Under the written contract, Evans agreed to deliver the corn, shelled, at 40 cents per bushel. The sheller left Evans' farm and went to some other place, and he could not, at that time, obtain a machine to shell his corn, when he was told by Crane & Co. that he could deliver corn in the ear at two cents less on the bushel, the cost of shelling.

Now, while this was a waiver of the right Crane & Co. had to receive the corn shelled, it by no means set aside or vacated the original contract, but left it in force as originally made, except that the money to be paid for the ear corn was two cents less per bushel.

But while the arrangement to receive, under the contract, ear corn instead of shelled may be regarded as a modification of the contract, and conceding that Spurck had no knowledge

of this modification at the time it was made, yet the payment for the corn delivered by him subsequently must be held to be a ratification by him of the change made in the original contract. The fact, therefore, that the contract was modified, in the view we take of the case, did not change the rights or obligations of the contracting parties.

It is, however, contended that the delivery of the corn by Evans to Crane & Co. was a recognition of the assignment of the contract, and in effect released Spurck from any liability to Evans on the original contract, and that Spurck's payment was that of a mere volunteer.

Under the contract, the corn was to be delivered to Spurck at Philadelphia. He had the undoubted right to direct that the corn should be delivered to any other person at the place of delivery he might name. While Spurck had this right, he could not, without the consent of Evans, release himself from that provision of the contract which obligated him to pay for the corn.

There is nothing in this record that shows that Evans agreed to release Spurck and accept Crane & Co. as paymasters. Indeed, when he commenced the delivery of the corn, he did not even know of the assignment of the contract. There is nothing in the assignment which would indicate that Crane & Co. assumed to pay Evans for the corn, and it is unreasonable to believe that he would release a man whom he doubtless knew to be responsible, and rely upon a firm who resided out of the State and with whom he had no acquaintance. The mere fact that Evans delivered the corn to Crane & Co. is of little importance. When Spurck had by the assignment ordered the corn to be delivered to that firm, Evans could not do otherwise.

The delivery of the corn to Crane & Co. can not, therefore, in our opinion, be held to be a release of Spurck from the obligations of the contract. As Spurck was, under the contract, bound to pay for the corn, and as he had directed the corn to be delivered to Crane & Co., no reason is perceived

why he may not compel Crane & Co. to pay for the balance due on the corn they received.

The giving of certain instructions for plaintiff and refusing others for defendant is assigned as error. The decision of the court on the instructions was substantially in harmony with the views which we have expressed in considering the merits of the case, and it will not be necessary to review the instructions.

We regard the judgment as right, and it will be affirmed.

*Judgment affirmed.*