## Delos P. Phelps et al., Appellees, v. Leslie C. Hughes, Appellant.

### Gen. No. 18,417.

1. ASSUMPSIT—*when declaration sufficient.* A count alleging that a contract was made whereby defendant agreed to pay plaintiff, a lawyer, $250.00 for carrying a certain suit for divorce to a decree in the Superior Court, that the case was dismissed by agreement of the parties, that a suit for divorce on other grounds was filed by plaintiff as agreed and was carried to a decree, that defendant thereby became indebted to plaintiff for the sum of $250.00 and that being so indebted he thereafter promised to pay, is sufficient for even if the old contract was destroyed it does not follow that recovery is not supported on the new contract and if any requirement of the original contract was not met it was waived by defendant.

2. PLEADING—*general demurrer.* Where a declaration states facts sufficient to warrant recovery, the fact that many evidentiary facts are unnecessarily averred does not make it obnoxious to a general demurrer.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913.

RICE & O'NEIL, for appellant.

WILLIAM J. STAPLETON, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellees, constituting a law firm, brought an action in *assumpsit* against defendant Hughes, appellant, and filed a special count on a contract for services, and in addition thereto the common counts. The errors assigned question the action of the court in overruling the demurrer of the first count of the declaration and entering judgment thereon, all other counts having been withdrawn. The errors assigned, there-

fore, present to this court for decision the sufficiency of the first count of the declaration.

In that count appellees aver that on the first day of December, 1906, the defendant being possessed of valuable property and real estate, estimated by him at the value of $25,000, had brought a suit in the Superior Court of Cook county, Illinois, against his wife, Grace B. Hughes, for divorce, charging adultery in the bill as the only ground therefor. This charge of the bill was denied by appellant's wife, and by cross-bill the defendant was charged with both adultery and extreme and repeated cruelty, and by the issues formed between the defendant and his wife, there was involved the questions of divorce, of the custody of their two children, of attorneys' fees and expenses for the wife during the said contest, of alimony for herself and children, and of dower in the real estate of the defendant. In the trial of that case a jury had been called and heard the evidence, which had occupied the larger portion of a week, and had found by their verdict that Grace B. Hughes was not guilty as charged in the bill of the defendant, and had also found that the defendant herein was guilty of extreme and repeated cruelty to his wife, in pursuance of which finding of the jury the court had entered a decree allowing the said Grace B. Hughes the control of the children, $500 for her solicitors' fees in trying said cause before the jury, $300 alimony for herself and children, and $14 per week continuing alimony, and $250 for solicitors' fees for her attorneys in the Appellate Court if the case was appealed. The declaration avers that the cause having been appealed to the Appellate Court and reversed and remanded to the Superior Court for retrial, the defendant herein, on January 25, 1908, applied to plaintiffs to take charge of and attend to his interests in the said contest between him and his wife, and his interest therewith necessarily connected, and also requested the plaintiffs to then and there fix a definite amount for

which they would attend to the same, and being advised not to require the price to be fixed in advance, as it would cost more should there be a long trial by a jury than if the matters were disposed of on hearing before the judge, nevertheless defendant insisted in his requirement that the price must be absolutely fixed in advance, and was told that in that case it would cost him $500 for disposal of the case in the Superior Court, which amount he declined to agree to pay, but proposed to plaintiffs that he, the defendant, would pay plaintiffs $250 for their services in the Superior Court in that behalf, no matter whether the trial of the case was long or short, with a jury or without a jury; whereupon, after considering the subject with the defendant, plaintiffs then and there entered into a written contract with the defendant, which was signed and delivered by them, respectively, in words and figures following, to-wit:

"Chicago, Ill., January 25, 1908.

It is agreed that Phelps, Phelps & Finley shall try the divorce case of Hughes vs. Hughes in the Superior Court, carrying it to a decree there for the sum of $250, be the trial short or long, with a jury or without a jury, and that said $250 shall be paid in full by June 1, 1908, and as much sooner as possible as to part of it.

Witness our hands this date,

LESLIE C. HUGHES,

PHELPS, PHELPS & FINLEY."

The plaintiffs aver that they then and there entered upon the services required in said cause and the preparation thereof for trial, and were then and there directed by the defendant to ascertain by negotiations with the attorney for Grace B. Hughes whether an agreement could be had as to the custody of the children, alimony and dower, protecting the property rights of defendant, which plaintiffs then and there did, and after long, patient and laborious negotiations, covering weeks of time, ascertained that defendant's interest, as stated, could be most completely secured,

including the custody of the children, in case a divorce was granted, if the defendant would consent to amend his bill, withdrawing therefrom the charge of adultery, and substituting desertion instead as the only ground charged as cause for divorce, which situation the plaintiffs presented and explained to the defendant, who then and there agreed to the same as it would save the reputation of his children from stain.

The plaintiffs further aver that the original bill filed by the defendant against his said wife upon examination was found to have charged adultery only and to have been filed in less than two years after Grace B. Hughes, defendant's wife, absented herself from her home, whereas a bill for desertion could only be maintained and the court have jurisdiction in said cause when filed two full years after the desertion occurred, and that the existing bill could not be amended, and a decree, if granted, based upon desertion only could not be upheld as valid and binding, but that it could be accomplished by filing a new bill, as more than two years had then elapsed since the absence from home of the said Grace B. Hughes; whereupon defendant, having been advised of this situation, then and there directed the plaintiffs to file such new bill for divorce, charging desertion only, and cause a decree to be entered in said cause and dispose of all of the questions in the contest between defendant and Grace B. Hughes under the new bill to be filed, allowing the bill originally filed to be dismissed. And plaintiffs further aver that in compliance with the directions of the said defendant in that behalf, and with the expenditure of time, labor and skill therein, the plaintiffs then and there filed said new bill and tried the divorce case of *Hughes v. Hughes* in said Superior Court, carrying it to a decree, and did then and there, by the expenditure of time, labor and skill in and about said cause, obtain for the defendant everything which could have been obtained to his advantage therein, including the custody of his children as wished by him, and a de-

cree of divorce to be entered in his favor and the cutting off of all dower and alimony as to the said Grace B. Hughes, so that the defendant was not required to pay and did not pay a cent of solicitors' fees or court expenses to enable the said Grace B. Hughes to prosecute said suit, and the defendant then and there became liable to and was indebted to the plaintiffs in the sum of $250, to be paid in full by June 1, 1908, and, being so indebted, the defendant, in consideration thereof, afterwards, to-wit: on June 1, 1908, and at the place aforesaid, to-wit: Cook county, Illinois, undertook and then and there faithfully promised said plaintiffs, well and truly to pay unto the plaintiffs the said sum of money in the count mentioned, when he, the said defendant, should be thereunto afterwards requested. The count then avers that although often requested, the defendant had not yet paid the said several sums of money above mentioned, or any or either of them, or any part thereof to the plaintiffs, but has refused and still does refuse to the damage of $1,000.

It is argued that the allegations of the declaration show that the case of *Hughes v. Hughes*, which was then pending in the Superior Court, after having been remanded from the Appellate Court, was by agreement of all parties dismissed, and that the plaintiffs did not carry out the provisions of the contract by carrying said suit to a decree by trial before the court with or without a jury, and that, therefore, there has been no strict performance of the contract by the plaintiffs.

The declaration sets out the agreement and the modification of the agreement, and the performance of the agreement as modified. The modification of the agreement, when it was found advisable that it should be modified, substituted for the case of *Hughes v. Hughes* then pending a new suit based upon a different ground, the new suit being rendered necessary by the grounds upon which the divorce was to be obtained.

This was the only modification of the contract. The averments of the declaration show that the contract, as thus modified, was performed.

It is also urged that by the modification of the agreement, the old contract was destroyed and a new contract was created, and that this appears by the averments of the declaration. Even if this be conceded, it does not follow that the declaration does not support a recovery on the new contract. It sets out the new contract, and, as we have said above, it alleges performance thereof. The only change shown by the declaration, if it was a change, in the agreement was the substitution of a new suit with the acquiesence of the defendant, leaving the contract otherwise unchanged. On this hypothesis or theory the declaration alleges a good cause of action. That the declaration avers unnecessarily many evidentiary facts did not make it obnoxious to a general demurrer. If there was any requirement of the original contract which was not met by the plaintiffs, it was waived by the defendant according to the averments of the declaration. A party may waive performance of a part of the contract and yet be bound by it. *Crane v. Kildorf,* 91 Ill. 567; *Vroman v. Darrow,* 40 Ill. 171; *Morrill v. Colehour,* 82 Ill. 618.

The declaration avers facts sufficient to sustain a recovery. The demurrer was properly overruled. The judgment is affirmed.

*Affirmed.*